# 627-15

NO. Melquiades Hernandez

## IN THE COURT OF CRIMINAL APPEALS OF AUSTIN TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 22 2015

Abel Acosta, Clerk

Melquiadez Hernandez
(Appellant)

## Vs.

## THE STATE OF TEXAS
(Appellee)

on Appeal from the Court of Appeals
Fifth District of Texas
Cause No. 05-14-00495-CR

# PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

JUL 24 2015

Abel Acosta, Clerk

(Applicant)
PRO-SE

Melquiadez Hernandez
TDCJ # 1924943
William G. Mc Connell Unit.
3001 S. Emily Drive.
Beeville, Texas. 78102

# TABLE OF CONTENTS

Table of Contents _ _ _ _ _ _ _ _ _ _ i

Index of Authorities _ _ _ _ _ _ _ ii-iv

STatement ReGarding ORAL ARGument _ _ _ 1-2

Statement of the case _ _ _ _ _ _ _ 3

Statement of Procedural HistorY _ _ _ _ 3-4

Grounds for Review _ _ _ _ _ _ _ _ 4

ARGumenT _ _ _ _ _ _ _ _ _ _ 5-11

PRAYer for ReLief _ _ _ _ _ _ _ _ 11

Appendix _ _ _ _ _ _ _ _ _ _ 12

certificate of service _ _ _ _ _ _ 13

# INDEX OF AUTHORITIES

CASES                                                                PAGE

Albro v. STATE
        502 S.W. 2d 715 (Tex. CRIM.
APP. 1973) _ _ _ _ _ _ _ _ _ _ _ 9

Asberry v. State
        813 S.W. 2d 526, 529
(Tex. APP. - DALLAS 1991 Pet. ref'd) _ _ _ _ _ 11

AUSTIN v. United STATES
        509 U.S. 602, 113 S.CT. 2801,
125 L. Ed. 2d 488 (1983) _ _ _ _ _ _ 7

AUTRAN V. State
        887 S.W. 2d 31, 36
(Tex. Crim. APP. 1994) _ _ _ _ _ _ _ 9

COOPER V. United STATES
        386 U.S. 58, 62 (1967) _ _ _ _ _ 9

DARden V. STATE
        430 S.W. 2d 494, 496
(Tex. Crim. APP. 1968) _ _ _ _ _ _ _ 9

DavenPorT V. GARGia
        834 S.W. 2d 4 (Tex. 1992) _ _ _ _ 10

DePARTment of Revenue of montana
        V. KURth RANch, 511 U.S. 767, 114
S.C. 1937, 128 L. Ed. 2d 767 (1994) _ _ _ 6

Flores V. STATE
        904 S.W. 2d 129, 139 n 4
(Tex. CRIM. APP. 1995) _ _ _ _ _ _ _ 9

FURMAN V. GeoRgia
        408 U.S. 238, 92 S.C. 2726, 33
L. Ed. 2d 346 (1972) _ _ _ _ _ _ _ 10

HARMELin V. MichiGAn
        501 U.S. 957, 111 S.C. 2680
115 L. Ed. 2d 836 (1991) _ _ _ _ _ 6

HARRIS V. STATE
     656 S.W. 2d 481, 486
  (Tex. Crim. App. 1983) _ _ _ _ _ _ _ _9

HUTTO V. DAVIS
     454 U.S. 370, 102 S.C. 703 (1982) _ _5

Johnson V. STATE
     864 S.W. 2d 708, 725 (Tex. Crim.
  APP.- Dallas 1993) Aff'd, 912 S.W. 2d
  277 (Tex. Crim. App. 1995) _ _ _ _ _ _11

People V. Anderson
     6 Cal. 3d 628, 493 P. 2d 880,
  100 CAL. RPTR. 152 (1972) _ _ _ _ _10

PUGA V. STATE
     916 S.W. 2d 47
  (Tex. Crim. App.- San Antonio 1996 No Pet.) _ _ _ _7

Robinson V. CALiFornia
     370 U.S. 660, 82 S.C. 1417,
  8 L. Ed. 2d 758 (1962) _ _ _ _ _ _ _5

Rummell V. STATE
     445 U.S. 268, 100 S.C. 1133,
  63 L. Ed. 2d 382 1980 _ _ _ _ _ _ _5

SOLEM V. HELM
     463 U.S. 277, 103 S.C. 3001
  77 L. Ed. 2d 637 (1983) _ _ _ _ _ _ _5

THOMAS V. STATE
     916 S.W. 2d 578
  (Tex. Crim. App.- San Antonio 1996 No Pet.) _ _ _ _7

United STATES V. DUNSON
     940 F. 2d 989, 995 (6th Cir. 1991) _ _ _7

United STATES V. GARCIA
     20 F. 3d 670, 672 (6th Cir 1994) _ _ _7

United STATES V. GRAYSON
     438 U.S. 41, 98 S.C. 2610
  57 L. Ed. 2d 582 (1978) _ _ _ _ _ _5

Weems V. United STATES
     217 U.S. 349, 30 S.C. 594
  54 L. Ed. 793 (1910) _ _ _ _ _ _ _5

## CONSTITUTION. PROVISIONS

Eight Amendment to the United States
    Constitution of America, article
  I sec. 13 of the Texas const. _ _ _ _ _4,6

FEDERAL CONST., UNited STATes CONST.
    Amends. VIII and XIV _ _ _ _ _ _ 3

Texas CONSTITUTION art. I § 13 _ _ _ _ 10

Texas CONSTITUTION art. I § 8 _ _ _ _ 10

united STATes Constitution Amend I _ _ _ 10

united STATes Const. Amend VIII 2d _ _ _ 6

united STATes const. Amend VIII or,
    TEXAS const. art. I § 13 _ _ _ _ _ _9

united STATes const. Amend XIV _ _ _ _ _9

## STATUTES

Tex. Pen. Code Ann. § 21.02 (Vernon 2011) _ _ _3

Tex. Pen. Code Ann. § 21.02(h)
        (Vernon 2011) _ _ _ _ _ _ _ _ 8

## RULES

Texas Rules App. Procedure
    Rule 43.2 (b) _ _ _ _ _ _ _ _ _ 11

Texas Rules App. Procedure
    Rule 68.4 _ _ _ _ _ _ _ _ _ _ 1

## "TO THE HONORABLE CRIMINAL COURT oF APPEALS":

Comes Now meLaviadez Hernandez, Appellant PRo-SE, and Respectfully submits this Petition for Discretionary Review Pursuant to TEXAS RULES APP. PROC. 68.4, URGING error from a Conviction for the offense of continous Sexual abuse of a child.

## STATEMENT REGARDING ORAL ARGUMENT

[1]Because the complaining witness is a minor, she will be reffered to by her initials.

L.R.[1] testified that she, her mother, and her brother moved into an apartment with Appellant Hernandez, her mother's boYfriend (RR-4:17-18,20). L.R. slept on a small bed in the same room as her mother and Hernandez. (RR-4:22). Hernandez beGan touching her VaGina when she was five Years old. (RR-4:23-31). L.R. her mother and brother moved to south DAKota for a time but returned to live with Hernandez when L.R. was nine Years old. (RR-4:31-32).

when her mother Left for work, she told L.R. to Get in bed with Hernandez. (RR-4:33-34). Hernandez touched her VaGina with his hand, his mouth and his Penis. (RR-4:35-38). L.R. said that water came out of his Penis and it Got all over her. (RR-4:39).

1.

She said it felt like she was covered in syrup. (RR-4:101). This happened about twice a day. (RR-4:40). Hernandez also licked her vagina which felt disgusting. (RR-4:40). Hernandez told her he would rip out her insides if she told anyone. (RR:4:41). L.R. told her mother what was happening, but her mother did not leave because she depended on Hernandez financially. (RR-4:40, 42-43). At night when L.R.'s mom and brother were gone, Hernandez showed her pornographic videos (RR-4:48-49). Between two and five times, Hernandez inserted his penis into her vagina, (RR-4: 52-53). He touched her with his hands about 20 times and touched her vagina with his mouth 2 times. (RR-4:53). Hernandez gave her money when he touched her, (RR-4:58). He told her he loved her and not to tell anyone. (RR-4:58). Hernandez's penis had hair on it and "looked wierd", (RR-4:98). Twice he tried to put his penis in her butt, (RR-4:99-101). L.R.'s brother testified that L.R. told him what Hernandez was doing to her when she was five or six years old, (RR-4:117). L.R. also told her mom but, when confronted Hernandez denied it. (RR-4:119-108). They moved to South Dakota for about a year, but returned to live with Hernandez, (RR-4:31, 60, 72, 109-120). After their return L.R. told him that Hernandez was abusing her again, (RR-4: 119-124). Hernandez treated L.R. differently and gave her money, (RR-4:140).

2.

## STATEMENT OF THE CASE

Hernandez was indicted for the first degree felony offense of Continuous sexual abuse of a child, a violation of Tex. Pen. Code Ann. § 21.02 (Vernon 2011), (CR:7).
Despite his plea of NOT Guilty as charged, (CR:57, RR-4:7, RR-5:109). The court Sentenced him to 60 years confinement. (CR:60, RR-5:129-130). Notice of Appeal was timely filed. (CR:41).

## STATEMENT OF PROCEDURAL HISTORY

On April 27, 2015, In the Honorable Court of Appeals fifth District of Texas at Dallas, on cause No. 05-14-00495-CR, styled as McQuiades Hernandez V. THE STATE of TEXAS, was Affirmed as modified Before Justices Fillmore, Myers, and Evans. Opinion by Justice Myers.
Based on the courts Opinion of this date, April 27, 2015, the trial court's Judgement is modified as Follows:
The Section entitled "Punishment assessed by" is modified to show "COURT". As modified, we Affirm the Trial Court's Judgement.
Under the facts and circumstances of this case, the Sentence is unconstitutionally disproportionate under the federal Constitution, U.S. Constitution Amends. VIII and XIV and under the Texas Constitution, TEX. Const. art. I § 13.
The facts do not support a Prison sentence of his Length.

3.

The case should be reversed for a new Punishment hearing. The Judgement should be reformed to reflect that the court rather than the jury determined the Punishment.

## GROUNDS FOR REVIEW

Ground one: Appellant's Sentence violates his Constitutional Rights Pursuant to the Eight Amendment to the United States Constitution as the Sentence is Grossly disProportionate to the crime and also inaProPriate to the offender.

Ground Two: Appellant's Sentence violates his constitutional rights Pursuant to article I, Section 13 of the Texas Constitution as the Sentence is Grossly disProportionate to the crime and inaPROPriate to the offender.

Ground three: The Judgement should be reformed to reflect that Punishment was assessed by the court rather than the jury.

4.

## ARGUMENT ON GROUND NO. ONE

modern Punishment Philosophy is to have the Punishment fit both the crime and the offender. United STATES V. GRAYSON, 438 U.S. 41, 98 S.C. 2610 57 L.Ed. 2d 582 (1978). EARLY CAses of the United STATES SUPREME COURT considered disProPortionality in the conTexT oF what was barbarous and unknown at English Common Law or for Punishment which went to the nature of the conduct. see weems v. United STATes, 217 U.S. 349, 30 S.C. 544, 54 L.Ed. 793 (1910), (A sentence of CAdena TemPoral); Robinson V. LAlifornia, 370 U.S. 660, 82 S.C. 1417, 8 L.Ed. 2d 758 (1962), (imPrisonment of drug Addicts). The First CAse to actually decide a Punishment of "Term of Years" imPrisonment was Rummell V. ESTelle, 445 U.S. 263, 100 S.C. 1133, 63 L.Ed 2d 382 (1980). followed by HUTTO V. DAViS, 454 U.S. 370, 102 S.C. 703, 70 L.Ed 2d 556 (1982). The United STATes SuPreme COURT set forth a discernable aPplicable TesT for ProPortionality of SenTencing when a Term of Years was involved, in Solem V. HELM, 463 U.S. 277, 103 S.C. 3001, 77 L.Ed. 2d 637 (1983). There the United STATes SuPreme COURT STATed that there was No Penalty which was Per Se Constitutional rather, sentences should be ProPortionate to the CRime. A Reviewing COURT should consider three factors to determine Constitutionality of a SenTence: 1/ The Gravity of the offense and the harshness of the Penalty, 2/ the sentence imPosed on other criminals in the same Jurisdiction, and 3/ senTences imPosed for the commission of the same crime in other Jurisdictions. 463 U.S. at 292.

The court in "Solem" held that a sentence of mandatory life imprisonment without parole for passing a bad check under a racidivist statute based on six prior non-violent convictions violated U.S. Const. Amend VIII id. The United States Supreme Court again considered the issue of proportionality in Harmelin v. Michigan, 501 U.S. 957, 111 S.C. 2680, 115 L.Ed. 2d 836 (1991). wherein a Michigan statute provided for a sentence of mandatory life imprisonment without the possibility of parole for possessing more than 650 grams of cocaine. The court upheld the sentence on grounds, that it was not cruel and unusual, but could reach no clear consensus on the issue of disproportionality. Justice Scalia and chief Justice Rehnquist concluded that the 8th Amendment contains no proportionality guarantee. Justice Kennedy, O'Connor, and Souter found that the 8th Amendment encompasses a narrow proportionality principle that applies to non-capital sentences.

Justice White concluded that the 8th Amendment does include a proportionality principle. Justice Marshal writing seperately, agreed with Justice White that the 8th Amendment also imposes a general proportionality required. Justice Stevens and Blackmun found that the sentence assessed, life without parole, was capricious thereby violating both the cruel and unusual provision of the 8th Amendment and, by inference, any "proportionality" requirement. Thus, by a vote of 7·2, proportionality survives as a viable constitutional tenet of the 8th Amendment. The same court has seen fit to discuss the matter more obliquely in other circumstances. See Department of Revenue of Montana v. Kurth Ranch, 511 U.S. 767, 114 S.C. 1937, 128 L.Ed 2d 767 (1994).

(a "tax" on illegal activities is subject to analysis under the 5th Amendment for successive Punishment; _Austin V. United States, 509 U.S. 602, 113 S. Ct. 2801, 125 L. Ed. 488 (1993)_ civil in rem forfeiture is subject to an "excessive fines" argument under the 8th Amendment. Clearly the United States Supreme Court has not yet rendered it's final decision on disproportionality. See _United States V. Garcia, 20 F.3d 670, 672 (6th Cir. 1994)_, (a 262 month (21.8), for conspiracy with intent to distribute several hundred pounds of marijuana was not disproportionate); _United States, V. Dunson, 940 F.2d 989, 995 (6th Cir. 1991)_, (a 20 year sentence for possession with intent to distribute 7 kilos of cocaine was not disproportionate). Congress sought proportionality in sentencing through a system that imposes appropriately different sentences for criminal conduct of differing severity.

The San Antonio court of Appeals has clearly recognized that disproportionality in sentencing is a viable concept under the Federal Constitution.

In _Puga V. State, 916 S.W. 2d 47, (Tex. APP.-San Antonio 1996 No Pet.)_, and _Thomas V. State, 916 S.W. 2d 578 (Tex. APP.-San Antonio 1996 No Pet.)_. The San Antonio court of Appeals recognized that the 8th Amendment contains a narrow proportionality principle.

Though the court refuses to grant relief in either case, the Puga and Thomas Opinions are the most recent and cogent statements on the concept and clearly indicate acceptance of this doctrine of Federal Law in the Texas Courts.

Appellant urges this court to apply the Federal Doctrine of disproportionality.

7.

At the time of trial, Hernandez was 33-Years old (RR-5:127-128). When Hernandez Testified at the Punishment Phase, he denied L.R.'s accusations. (RR-5:125). He said that L.R. Knows how to ruin Lives (RR-5:125). Hernandez had never been Convicted of Any offense in Texas or Any other STATE.

During Argument the Prosecutor Argued that this sentence should of warranted a life sentence. (RR-5:129). She Argued that Anything less than 30 Years was a "Complete-inJustice (RR-5:129). The court sentenced APPLICANT To 60 Years - double the Plea Bargain offer Made Prior to trial for a lesser included offense (RR-3:4-5, RR-5:129-130). The minimum Sentence for this offense is 25 Years. See TEX. PEN. CODE ANN. § 21.02 (h), (Vernon 2011). With the Sentence which was Given to Hernandez, he must serve day for day. Hernandez will not be eliGible for until he is 93 Years old. Hernandez will in the essence be serving a Life Sentence.

Based on the Evidence Presented, Hernandez's Punishment was severe. The Facts and circumstances of the case warranted that he be Given a lighter sentence.

Therefore, under the Record in this case the Sentence is disProportionate. APPellant is entitled to a reversal and to a new Punishment hearinG.

8.

## ARGUMENT ON GROUND NO. TWO

The Texas Legislature traditionally seen fit to set a wide range of punishment for many crimes. Appellant is also cognizant that, as long as the punishment assessed is within the range established by the legislature, Texas courts have traditionally held that the punishment assessed does not violate the constitutional prohibitions against cruel and unusual punishment, under eighter U.S. Const. Amend. VIII or Tex. Const. art. I § 13. Harris v. State, 656 S.W. 2d 481, 486 (Tex. Crim. App. 1983). See also Albro v. State, 502 S.W. 2d 715 (Tex. Crim. App. 1973), Darden v. State, 430 S.W. 2d 494, 496 (Tex. Crim. App. 1968). This does not indicate however that the punishment assessed cannot be grossly disproportionate to the crime, eighter because the punishment does not fit the severity of the crime, the offender, or both. This Honorable Court of Criminal Appeals should at least, recognize that the Texas Constitution contains a proportionality principle.

This Court should then proceed to hold that Appellant's sentence is unconstitutionally disproportionate under the Texas Constitution.

The Texas Constitution may provide greater protection for it's own citizens, but it certainly cannot provide less, to do so would be a violation of due process law.

U.S. Const. Amend XIV. See Cooper v. United States, 386 U.S. 58, 62 (1967), Flores v. State, 904 S.W. 2d 129, 139 n.4 (Tex. Crim. App. 1995), Autran v. State, 887 S.W. 2d 31, 36 (Tex. Crim. App. 1994).

9.

Indeed, the very language utilized by Tex. Const. art. I § 13 indicates that the Texas Constitution provides different, and arguable greater protection than does the Federal Constitution.

Of interest is the case of People v. Anderson, 6 Cal. 3d 628, 493 P. 2d 880, 100 Cal. RPTR. 152 (1972). A California case which held the death penalty unconstitutional under the California Constitution at a time when Furman v. Georgia, 408 U.S 238, 92 S.C. 2726, 33 L. Ed. 2d 346 (1972). Was pending before the United States Supreme Court. The court concluded that it was the intent of the framers of the California Constitution to outlaw both: cruel and unusual punishments, not merely punishments that were cruel and unusual combined. The court also found that issues of constitutionality had to be "Probe(d), on the basis of the disjunctive cruel or unusual punishment".

Appellant respectfully asks this court to direct their attention to Davenport v. Garcia, 834 S.W. 2d 4 (Tex. 1992). Where the Texas Supreme Court, in deciding that Tex. Const. art. I § 8 gave broader protection to free speech than did U.S. Const. Amend. I, set forth a scholarly and well-reasoned opinion concerning the nature of the Texas Constitution.

Appellant has the right to have this Honorable Court of Criminal Appeals recognize the Constitutional validity of his claim, even if this court still finds that, factually, the sentence is not disproportionate to the crime. Additionally Appellant has a right to a full analysis of his claim of disproportionality under the Texas Constitution.

In *Johnson v. STATE*, 864 S.w. 2d 708, 725 (Tex. APP.- Dallas 1993), aff'd *912 S.w. 2d 277.* (Tex. Crim. APP. 1995), the Dallas Court of Appeals found that Prison Sentences are subject to a Proportionality analysis under the 8th Amendment.

## ARGUMENT ON GROUND NO. THREE

This court may modify the trial court's Judgement to correct errors. see *Asberry v. STATE*, 813 S.w. 2d 526, 529 (Tex. APP.- Dallas 1991 PeT. ref'd), Tex. Rules APP. Proc. 43.2 (b). The Judgement indicates that Punishment was assessed by the Jury (CR: 45).

## PRAYER

wherefore Premises Considered, Appellant Prays that his Conviction will be reversed and remanded for a new Punishment hearing.

Further, Appellant Prays that the Judgement will be reformed to reflect that the Court rather than the Jury assessed Punishment.

Respectfully Submitted,

melquiadez Hernandez
TDCJ # 01924943
william G. Mc Connell unit
3001 S. Emily Drive.
Beeville, Texas. 78102

ll.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-14-00495-CR

---

## MELQUIADES HERNANDEZ, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F13-55932-H**

---

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Myers

A jury convicted Melquiades Hernandez of continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2014). The trial court assessed punishment at sixty years' imprisonment. In three issues, appellant contends the sentence violates the United States and Texas Constitutions and the judgment should be modified to show the trial court assessed the punishment. We modify the trial court's judgment and affirm as modified.

DISPROPORTIONATE SENTENCE

In his first two issues, appellant contends the sentence is grossly disproportionate to the offense and inappropriate to the offender, in violation of the United States and Texas

12.

Constitutions. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. Appellant asserts he denied the complainant's accusations during the punishment phase, and the sentence is too severe given the fact that it is more than twice the minimum number of years for the offense. The State responds that appellant failed to preserve his complaint for appellate review and alternatively, the trial court properly exercised its discretion in sentencing appellant in this case.

To preserve error for appellate review, the record must show appellant made a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1). Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived *Rhoades v. State* , 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Appellant made no objection when he was sentenced, and his motion for new trial did not address this complaint. Accordingly, he has not preserved the issue for appellate review. *See Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).

Moreover, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). The punishment range for the offense of continuous sexual abuse of a young child is imprisonment for life or for any term not more than ninety-nine years nor less than twenty-five years, and an optional fine up to $10,000. *See* TEX. PEN. CODE ANN. §§ 12.32, 21.02(h) (West 2011 & Supp. 2014). Appellant's sixty-year sentence is within the statutory range. We overrule appellant's first and second issues.

## MODIFY JUDGMENT

In his third issue, appellant asks us to modify the trial court's judgment to show the trial court assessed the punishment instead of the jury. The State agrees the judgment should be

modified as appellant requests. The judgment incorrectly states the jury assessed punishment. We sustain appellant's second issue.

We modify the trial court's judgment to show that punishment was assessed by the court. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140495F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MELQUIADES HERNANDEZ,
Appellant

No. 05-14-00495-CR    V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 1 of Dallas County, Texas (Tr.Ct.No.
F13-55932-H).
Opinion delivered by Justice Myers,
Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Punishment Assessed by" is modified to show "Court."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 27th Day of April, 2015.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of THE foregoing PETITION FOR DISCRETIONARY REVIEW, has been served through United States Postal mail service to: THE STATE PROSECUTING ATTORNEY, P.O. Box 12405, Austin, Texas. 78711 and to Susan Hawk, acting chief of the Appellate section of THE DALLAS COUNTY CRIMINAL DISTRICT ATTORNEY'S OFFICE, Frank Crowly Courts Building, 133 North Riverfront Blvd. LB 19, Dallas. Texas 75207 on July 21st of 2015.

p Melquiades Hernandez

Melquiades Hernandez
TDCJ # 01924943
William G. McConnell unit
3001 S. Emily Drive
Beeville, Texas. 78102